Squire, Sanders & Dempsey, Cleveland, for plaintiff in error.

Howell, Roberts & Duncan, Cleveland, and P. H. Mitchell, for defendants in error.

## CLEVELAND ELECTRIC ILLUMINATING CO v O'CONNOR et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14195. Decided Feb 25, 1935

## OPINION

By TERRELL, J.

It is our opinion that the doctrine of inherent danger does not apply in this case. O'Connor was not a stranger to the work. He was a member of the crew whose negligence caused the event complained of, and out of which his injuries resulted. He was an active participant in the events with full knowledge of all the conditions surrounding the place and its dangers.

Counsel for O'Connor have cited many cases to sustain his contention that the doctrine of inherent danger applied to this case. But in all the cases cited, the party claiming to have been injured was a third party, not in any way connected with the work in question, except in the case of Jacobs v Fuller, 67 Oh St page 70. In that case a boy about sixteen years of age was employed to work at machinery, which machinery was furnished by defendant and operated in defendant's plant, and which machinery was dangerous when operated by one who had not been properly instructed in its use. The boy in attempting to operate the machinery was injured. It was claimed that plaintiff was injured because defendant neglected to notify him of the dangerous character of the machine and neglected to give him instructions in the operation thereof. It was claimed by defendant that plaintiff was employed by an independent contractor. The court held that the defense that the plaintiff was an employe of an independent contractor would not avail defendant, because it was an undisputed fact that defendant had agreed to furnish the machinery and material, and this machinery was dangerous to plaintiff because he had not been properly instructed in its use. The court held:

"It is a case in which, under the circumstances shown, a resulting injury * * * might have been anticipated as a direct or probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance."

The reasonable care omitted was the failure of the defendant to instruct in the dangers of the machine.

That case is distinguished from the instant case in that O'Connor and his fellow workmen were fully aware of all the conditions and dangers incident to the work on the property of the Illuminating Company. The Company did not neglect to advise and warn O'Connor of the conditions and dangers. There were no hidden dangers not known to them. No negligence therefore appears on the part of the defendant.

For the reasons that the trial court made a misapplication of the doctrine of inherent danger in his instructions to the jury, and that no negligence of the defendant appears, the judgment of the Common Pleas Court will be reversed and final judgment entered for plaintiff in error.

LIEGHLEY, PJ, concurs in judgment. LEVINE, J, dissents.